STATE OF MAINE                           SUPERIOR COURT
AROOSTOOK, SS.                           CARIBOU
                                         Doc. No. CARSC-CV-2020-42


NorState Federal Credit ,

                    Plaintiff

v.
                                         Order on Motion for
                                         Summary Judgment

Elizabeth C. McNally,

                    Defendant


The Plaintiff has filed a motion for summary judgment regarding this consumer credit loan. After consideration of Plaintiff's motion, Plaintiff's Affidavit, Plaintiff's Exhibits A-C, Defendant's Answer, and Plaintiff's Statement of Material Facts, the court issues the following order:

## Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. The facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. Thus, for

1

purposes of summary judgment, any factual disputes must be resolved against the movant.

## Analysis

This matter involves a simple consumer loan evidenced by promissory note and security agreement. Plaintiff proceeded in this matter with a notice of the debtor's right to cure default in accordance with 9-A M.R.S. §5-110(1)(A), which provides in pertinent part:

> "With respect to a consumer credit transaction, after a consumer has been in default for 10 days for failure to make a required payment and has not voluntarily surrendered possession of goods that are collateral, a creditor may give the consumer the notice described in this section. For purposes of this section, goods that are collateral shall include any right of setoff that the creditor may have.
>
> A creditor gives notice to the consumer under this section by mailing the notice to the consumer's last known address:
>
> > A. By certified mail, return receipt requested. For purposes of this paragraph, the time when notice is given shall be the date the consumer signs the receipt or, if the notice is undeliverable, the date the post office last attempts to deliver it"

The attachments to the aforementioned Affidavit make clear that the notice to cure default was sent by certified mail, return receipt requested. The attachments further make clear that the mailing was signed for by a person other than the Defendant. The record presented contains no evidence that the consumer signed a receipt of a mailing of a notice of default and right to cure or that the notice of default and right to cure were provided to the Defendant in accordance with 9-A M.R.S. §5-110(1)(B)("By ordinary mail").

2

9-A M.R.S. §5-111(1) provides:

"With respect to a consumer credit transaction, except as provided in subsection 2, after a default consisting only of the consumer's failure to make a required payment, a creditor, because of that default, may neither accelerate maturity of the unpaid balance of the obligation, nor take possession of or otherwise enforce a security interest in goods that are collateral until 14 days after a notice of the consumer's right to cure, as provided in section 5-110, is given, nor with respect to an insurance premium loan, give notice of cancellation as provided in subsection 4 until 10 days after a notice of the consumer's right to cure, as provided in section 5-110, is given. For purposes of this section, goods that are collateral shall include any right of set-off that the creditor may have. Until expiration of the minimum applicable period after the notice is given, the consumer may cure all defaults consisting of a failure to make the required payment by tendering the amount of all unpaid sums due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges. Cure restores the consumer to his rights under the agreement as though the defaults had not occurred."

The receipt of the notice of right to cure default and the Plaintiff's right to accelerate the maturity of the unpaid balance of the obligation are intertwined. Based upon the record presented, the court finds that there remains a material fact in dispute related to the receipt of the notice of default and right to cure.

Plaintiff's Motion for Summary Judgment is **DENIED**. Clerk to schedule the matter for a telephonic pretrial conference.

The Clerk is directed to incorporate this order by reference on the docket for the case pursuant to Maine Rule of Civ. Proc. 79(a).

Dated: 9/2/21

_____
Justice, Maine Superior Court

ENTERED ON THE DOCKET 9.22.21

3